UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

A.D., a minor, by and through his )
mother, B.D.; G.L., a minor, and )
H.L., a minor, by and through their )
mother, K.L.; and N.T., )
)
      Plaintiffs, )
)
v. ) CV423-170
)
EFFINGHAM COUNTY SCHOOL )
DISTRICT, *et al.*, )
)
      Defendants. )

## ORDER

Plaintiffs, current and former students in the Effingham County School District and the minor students' parents, seek leave to proceed in this lawsuit "using pseudonyms rather than their actual names." Doc. 5 at 1. As Plaintiffs' Motion summarizes, they allege they "have consistently been the target of and/or have been regularly exposed to acts of racism and discrimination at school, and teachers and administrators within Effingham County School District ("ECSD") . . . have allowed those acts to persist. Plaintiffs have repeatedly informed ECSD teachers and administrators of discriminatory acts on school grounds to no avail; the behaviors continue, and ECSD has yet to take affirmative steps to

address the needs and constitutional rights of Black students in the district." Doc. 5 at 2; *see also generally* doc. 1.  They seek to proceed using pseudonyms because of "the highly sensitive nature of the allegations; the alleged pervasive discrimination that Plaintiffs have been subject to and that Defendants have allowed to permeate ECSD; and the related risk of retaliation."  Doc. 5 at 2-3.

Defendants "do not challenge the use of pseudonyms for the three minor students or their parents (through whom the minor children could be identified)."  Doc. 11 at 1.  These are the Plaintiffs identified in the Complaint by the initials A.D., B.D., G.L., H.L., and K.L.  *See* doc. 1 at 3-4; *see also* doc. 14 at 1.  However, Defendants do oppose Plaintiff N.T.'s request to proceed anonymously, since he is not a minor and has already been publicly identified in a previous lawsuit.  Doc. 11 at 1-2.

"Lawsuits are public events, and the public has a presumptive right to know the identity of the litigants who use the courts to resolve their disputes."  *Freedom From Religion Foundation, Inc. v. Emanuel County School System*, 109 F. Supp. 3d 1353, 1356 (S.D. Ga. 2015) (internal cites and quotations omitted).  By rule, "[t]he title of the complaint must name all the parties. . . ."  Fed. R. Civ. P. 10(a).  This requirement is more than

2

just procedural, as "First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Freedom From Religion Foundation*, 109 F. Supp. 3d at 1356 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). "Although this creates a strong presumption in favor of parties proceeding in their own names, the rule is not absolute." *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (internal quotations and alterations omitted)). To proceed anonymously, a party must establish "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Stegall*, 653 F.2d at 186).

To determine whether a party's privacy interest outweighs the public's interest in open court proceedings, the Eleventh Circuit has established a two-step test. *See In re: Chiquita Brands International, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020). As the "first step," the Court should analyze three factors, first set forth in *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) (*SMU*): whether the party seeking anonymity (1) is challenging

government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution. *In re Chiquita Brands International*, 965 F.3d at 1247 (citing *Plaintiff B*, 631 F.3d at 1316).

After analyzing these factors, as the second step, the Court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *In re Chiquita Brands International*, 965 F.3d at 1247 (internal quotation marks, citation, and emphasis omitted). The Eleventh Circuit noted in *Chiquita Brands* that, although a court must consider the *SMU* factors, "[i]n practice . . . whether a party's right to privacy overcomes the presumption of judicial openness is a totality-of-the-circumstances question." *Id.* at n. 5. In considering whether proceeding anonymously is appropriate, the Eleventh Circuit has considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a

unique threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316 (citations omitted).

In first considering the *SMU* factors, Plaintiffs in this case "clearly challenge governmental activity." *Freedom From Religion Foundation*, 109 F. Supp. 3d at 1357. The Court turns, then, to the specific circumstances of this case to determine whether the Plaintiffs' privacy interests outweigh the presumption of openness. *Plaintiff B*, 631 F.3d at 1316. All but one of the plaintiffs are either minor students or the parent of a minor student, doc. 1 at 3-4, and the allegations are about a "socially-charged issue"—alleged pervasive racial discrimination in a public school where they are still enrolled as students. *See Freedom From Religion Foundation*, 109 F. Supp. 3d at 1357. Therefore, for the minor plaintiffs, and their parents, proceeding anonymously is appropriate. *See Stegall*, 653 F.2d at 186 ("A final factor we find especially persuasive is the fact that the plaintiffs are children."); *see also* doc. 11 at 1 (no opposition from Defendants to the use of pseudonyms for the three minor students or their parents).

The analysis relative to the Plaintiff identified as "N.T." is different since he is "no longer a minor," but "a young adult who suffered harms

while a minor." Doc. 5 at 6. Plaintiffs argue he should be permitted to proceed anonymously because of the sensitive nature of the allegations, such that "if his identity were to be made public, he would . . . be susceptible to harassment or harm from the community." *Id.* He also may be required to divulge his academic records, which Plaintiffs argue are, generally, "subject to heightened privacy protections." *Id.* (citing 20 U.S.C. § 1232g(b)(1) (the Family Educational Rights and Privacy Act)). Finally, because Defendants are aware of N.T.'s real identity, Plaintiffs argue there will be no prejudice to Defendants if he is permitted to proceed anonymously. *Id.* at 7.

Defendants respond that "Plaintiff N.T. already proceeded using his real name in a predecessor lawsuit against Defendants by the same Plaintiffs." Doc. 11 at 3. Additionally, they argue that none of the three *SMU* factors weigh in favor of anonymity, *id.* at 4-5, and that the circumstances of this case do not warrant a departure from the requirements of Rule 10(a), *id.* at 5-6. In reply, Plaintiffs argue N.T. "faces the same risk of intense attention and harassment as the other Plaintiffs" and should, therefore, be afforded the same protections. Doc. 14 at 2. If he must proceed in his own name, he contends he will face

"significant and long-lasting professional and personal consequences," including detrimental impacts on his job search in the area. *Id.*

While Plaintiff N.T. has identified circumstances that could make it difficult for him to pursue his claims, he has not identified circumstances sufficient to overcome the "strong, constitutionally-embedded, presumption of parties proceeding in their own names." *Doe v. Brant*, 2019 WL 13194617, at *5 (S.D. Ga. Aug. 5, 2019). He is not a minor, and therefore not subject to the special considerations afforded minor plaintiffs. He is not a current student in ECSD, and so cannot identify any immediate threat of retaliation because of his claims—he is not in a position like the current students, over whom the defendants exercise some control.[1] He points to the possibility that his pursuit of his claims may impact his job prospects in a neighboring school district, but points to no specific reason that his claims against these Defendants could impact his ability to secure a job in a separate district. *See* doc. 14 at 2. As Defendants point out, *see* doc. 11 at 6, "the fact that [Plaintiff]

---

[1] Plaintiff N.T. asserts that a member of his "immediate family," easily identifiable as his family member, is a current student in ECSD, "thus creating the possibility that N.T.'s family member could face retaliation." Doc. 14 at 2. The speculative argument, couched in terms of a "possibility," is simply insufficient to overcome the presumption of openness in this case.

7

may suffer some personal embarrassment, standing alone, does not require the granting of his request to proceed under a pseudonym." *Frank*, 951 F.2d at 324. The allegations in this case do not involve the "social stigma" courts have historically found sufficient to warrant proceeding anonymously. *See Neverson*, 820 F. App'x at 988 (identifying cases involving mental illness, homosexuality, transsexuality, abortion, and religious beliefs as those carrying a "social stigma").

Plaintiff N.T. has not made a showing sufficient to overcome the presumption of openness. Furthermore, Plaintiff has already identified himself in a prior public filing in this Court. Defendants identify a former version of this lawsuit, filed by *pro se* litigants, in which Plaintiff N.T. proceeded using his real name. Doc. 11 at 3. Plaintiffs do not dispute that N.T.'s real name appears in a public filing in this Court related to these same allegations but downplay its significance since it was filed by *pro se* litigants. Doc. 14 at 3. While true, Plaintiffs were ultimately represented by counsel in the prior case, *see* CV423-005, docs. 9, 10, 14 & 16, and counsel did not move to seal the *pro se* filings, *see generally* docket; *see also* doc. 17 at 2-3 (discussing the standard for sealing and inviting further motions practice).

8

In determining that Plaintiff N.T. may not proceed using a pseudonym, the Court does not downplay the serious nature of the allegations he has raised against his former school district and its officials, and the resulting emotional toll he alleges as a result. However, the overriding constitutional right of the public to access this judicial proceeding requires that he pursue those allegations publicly. Plaintiffs' Motion for Leave to Proceed Using Pseudonyms is, therefore, **GRANTED, in part**, and **DENIED, in part**. Doc. 5. For the reasons discussed above, the Plaintiffs identified as A.D., B.D., G.L., H.L., and K.L. may proceed using a pseudonym, but the Plaintiff identified as N.T. may not. Plaintiffs are **DIRECTED**, within 14 days from the date of this Order, to file an amended pleading identifying Plaintiff N.T. in compliance with Federal Rule of Civil Procedure 10(a).

**SO ORDERED**, this 16th day of November, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA